IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

|  |  |
|---|---|
| JOSEPH MCPHATTER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE MANAGEMENT,<br>LLC and T-MOBILE USA, INC.,<br>　　　　　　　Defendants. | CASE NO: 3:17-cv-2380 |

**PLAINTIFF'S PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOSEPH MCPHATTER, plaintiff in the above styled action ("Plaintiff"), complaining of Defendants CREDENCE RESOURCE MANAGEMENT, LLC ("CRM") and T-MOBILE USA, INC. ("T-Mobile"), (collectively referred to as "Defendants"), and for causes of action would respectfully show the Court as follows:

### I. CLAIM

1. This is an action for breach of contract, breach of the implied covenant of good faith and fair dealing, and for damages brought by an individual consumer against Defendants for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., ("FDCPA") and the Texas Fair Debt Collection Practices Act, Tex. Finance Code § 392, et seq. ("TFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. PARTIES

3. Plaintiff is an individual residing in Rogersville, MO.
4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA

and Tex. Finance Code § 392.001(1).

5. T-Mobile is a business entity regularly engaged in the business of collecting debts in this State with a principal place of business at 12920 SE 38th Street, Bellevue, WA 98006-1350.

6. CRM is a business entity regularly engaged in the business of collecting debts in this State with a principal place of business at 17000 Dallas Parkway, Suite 204, Dallas, TX 75248-1940. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### III. JURISDICTION

7. The Court has jurisdiction over the lawsuit because the suit arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq.

8. Venue is proper in this district under 28 U.S.C. §1391(f)(3) because defendants are licensed to do business or did and are doing business in this district.

### IV. FACTS

9. CRM attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to T-Mobile.

10. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "Consumer debt" for purposes of Tex. Finance Code § 392.001(2) and "debt" for purposes of 15 U.S.C. § 1692a(5).

11. On or about July 26, 2016, Plaintiff and CRM, on behalf of T-Mobile, entered into a settlement agreement for Plaintiff's T-Mobile account ending in 7166. A recording of the settlement agreement is available upon request.

12. Pursuant to the terms of the settlement, Plaintiff was required to make six (6) monthly payments totaling $1,200.00 to settle and close his T-Mobile account.

13. Thus, Defendants acknowledged that they had agreed to a settlement with

Plaintiff, in consideration of monthly payments which Plaintiff would be required to make.

14. Plaintiff via his debt settlement company, National Debt Relief ("NDR"), timely made the requisite settlement payments.

15. However, Defendants accepted and cashed only five of the six payments. Redacted proofs of these payments are attached herein as Exhibit A.

16. From July 29, 2016, to February 24, 2017, NDR contacted CRM to resolve the payment discrepancy.

17. On February 24, 2017, NDR spoke to a CRM representative named Mark who explained that Plaintiff's T-Mobile account was recalled.

18. Defendants' reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

19. CRM knew or should have known that its actions violated the FDCPA and TFDCPA. Additionally, CRM could have taken the steps necessary to bring its actions within compliance with the FDCPA and TFDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

//

//

## V. CAUSES OF ACTION

22. Defendants' conduct, acts and failures were the cause and proximate cause of expenses, losses, and damages to Plaintiff. The acts, conduct and failures of Defendants constituted violations of legal duties giving rise to at least the following cause of action:

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT
### *AGAINST CRM*

23. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

24. The above contacts between CRM and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25. CRM violated provisions of the FDCPA, including, but not limited to, the following:

26. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

27. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

28. CRM violated these provisions of the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach, and did breach.

### COUNT TWO: TEXAS FAIR DEBT COLLECTION PRACTICES ACT
### *AGAINST ALL DEFENDANTS*

29. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

30. CRM violated provisions of the TFDCPA, including, but not limited to, the following:

31. Texas Finance Code § 392.304 (a)(8) prohibits the misrepresentation of the character, extent, or amount of a consumer debt.

32. Tex. Finance Code § 392.304 (a)(19) prohibits any false representation or deceptive means to collect a debt.

33. CRM violated these provisions of the TFDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach, and did breach.

### COUNT THREE: BREACH OF CONTRACT
### *AGAINST ALL DEFENDANTS*

34. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

35. Defendants acknowledged that they had agreed to a settlement with Plaintiff, in consideration of monthly payments which Plaintiff would be required to make.

36. Plaintiff made the required monthly payments, in accordance with the agreement.

37. However, Defendants accepted and cashed only five of the six payments.

38. Defendants' reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

39. As a result, Plaintiff has suffered actual and monetary damages.

### COUNT FOUR: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### *AGAINST ALL DEFENDANTS*

40. Plaintiff reasserts and incorporates herein by reference all facts and allegations

set forth above.

41. By reason of the foregoing, Defendants breached the implied covenant of good faith and fair dealing implicit in their settlement agreement with Plaintiff.

42. As a result, Plaintiff has suffered actual and monetary damages.

## DAMAGES INCLUDING ATTORNEY FEES AND COSTS

42. As a result of the above violations, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## JURY DEMAND

43. Plaintiffs make demand for trial by jury and tenders the appropriate fee.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing in this cause, Plaintiff have and recover a judgment against the Defendants as follows:

1) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of their breach of contract;

2) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of their breach of the implied covenant of good faith and fair dealing;

3) That judgment be entered against CRM for actual damages pursuant to Texas Finance Code § 392.403(a)(2);

4) That the Court award costs and reasonable attorney's fees pursuant to Texas Finance Code § 392.403(b);

5) That judgment be entered against CRM for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

6) That judgment be entered against CRM for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

7) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

8) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Amy E. Clark
State of Texas Bar Number: 24043761
Thanksgiving Tower
1601 Elm Street, 33rd Floor
Dallas, TX 75201
amy@amyclarklaw.com
512-850-5290

OF COUNSEL TO:
Reznik Law Office
30 Wall St., 8th Floor, #741
New York, NY 10005
212-537-9276 – Telephone
877-366-4747 – Facsimile

ATTORNEYS FOR PLAINTIFF